# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD A. GUSTAFSON,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*

    *Respondents.*

2:09-cv-01225-KJD-LRL

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#8) to substitute party and motion (#9) to transfer.[1]

Petitioner Harold Gustafson seeks to challenge his Minnesota state judgment of conviction for first degree murder. He presently is incarcerated in Nevada, however, on behalf of Minnesota authorities pursuant to an interstate corrections compact. This case does not involve a detainer or any other claim involving future custody. Petitioner instead is being held in current physical custody on the Minnesota judgment of conviction, albeit by Nevada authorities as agents for Minnesota authorities rather than directly by Minnesota authorities. Petitioner filed the petition in this District, the district of confinement, in light of the expressions in *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), regarding jurisdiction and the proper respondent to be named in custodial habeas matters. In the pending motions, respondents seek the substitution of the appearing Minnesota official as respondent and the transfer of this matter to the District of Minnesota.

---

[1] The motion (#7) to dismiss for untimeliness remains under submission.

Assuming, as discussed at length below, that it possesses the authority to do so, the Court finds that this matter should be transferred to the District of Minnesota. The Court is persuaded that the convenience of the parties and witnesses and the interests of justice are best served by the litigation of all issues arising in this case on the petition challenging the Minnesota conviction in the District of Minnesota. Petitioner maintains that the convenience of the parties and witnesses does not weigh in favor of Minnesota because there is no functional difference in filing papers electronically in Nevada as opposed to Minnesota. Habeas matters are not always resolved on the papers, however. At this preliminary stage, the Court cannot rule out the possibility that an evidentiary hearing may be required on the merits and/or a procedural defense, in which case the District of Minnesota clearly would be the more convenient and appropriate forum.[2]

Petitioner contends, however, that the matter may not be transferred to the District of Minnesota because, in light of *Padilla*, that district is not a district "where it might have been brought" for purposes of a transfer of venue under 28 U.S.C. § 1404(a).

Prior to *Padilla*, the issue of the Court's authority to transfer this action to the district of conviction was subject to easy resolution under existing Ninth Circuit precedent. In *Fest v. Bartee*, 804 F.2d 559 (9th Cir. 1986), the Ninth Circuit held that a petition such as the present one by an out-of-state inmate held by Nevada authorities under an interstate compact

---

[2] *Cf. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973):

> In terms of traditional venue considerations, the District Court for the Western District of Kentucky [in the state of conviction] is almost surely the most desirable forum for the adjudication of the claim. It is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found. And that forum is presumably no less convenient for the respondent and the Commonwealth of Kentucky, than for the petitioner. The expense and risk of transporting the petitioner to the Western District of Kentucky, should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from Kentucky to the district where petitioner is confined.

410 U.S. at 494, 93 S.Ct. at 1129 (citation footnote omitted).

instead should be filed in a district in the state in which the conviction originated. The Court of Appeals relied upon *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), which had held that an inmate in physical custody in one state could challenge his future custody under a detainer lodged by another state in a district court in the state that lodged the detainer. In *Fest*, the Ninth Circuit relied upon *Braden* for the propositions that: (a) a habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian, referring broadly to the officer legally responsible for the prisoner's incarceration rather than to his immediate physical custodian; and (b) the physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner, once again referring broadly to the officer legally responsible for the custody rather than the immediate custodian. *See* 804 F.2d at 560. If *Fest* remains good law, this Court clearly has the authority to transfer the action to the District of Minnesota, and, indeed, under the Ninth Circuit's holding, it not only can do so but should do so.

The Supreme Court's 2004 decision in *Padilla*, however, introduces a measure of doubt as to whether *Fest* remains good law.

The Supreme Court decided *Padilla* on the same day as its decision in *Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004). In *Rasul*, aliens held as enemy combatants in United States military custody at the naval base at Guantanamo Bay, Cuba, filed habeas petitions, through relatives acting as next friends, under 28 U.S.C. § 2241 in the federal district court for the District of Columbia. In *Padilla*, a United States citizen held as an enemy combatant in a Navy brig in Charleston, South Carolina, filed a habeas petition under § 2241 in the Southern District of New York.

The majority opinion in *Rasul* held, *inter alia,* that the petitioners' presence within the territorial jurisdiction of the District of Columbia federal district court was not required for the district court's jurisdiction. The Supreme Court relied upon *Braden* for the principle that the prisoner's presence within the territorial jurisdiction of the district court is not an invariable prerequisite to the exercise of jurisdiction under § 2241 so long as the custodian, apparently

referring to the senior executive officials named rather than the commander at Guantanamo, can be reached by service of process.  *See*  542 U.S. at 478-79 & n.9 & 483-84, 124 S.Ct. at 2695 & n.9 & 2698.

The opinion of a different majority, but nonetheless also a majority, in *Padilla* held that the proper respondent on Padilla's claim was his immediate physical custodian, *i.e.,* the commander of the naval brig in South Carolina where he was detained, such that the Southern District of New York did not have jurisdiction over the commander and the petition. In reaching this holding, the *Padilla* majority appeared to sharply limit the rationale and reach of *Braden* to only situations where the petitioner's claim challenged future custody and he therefore could not name a present physical custodian on the claim.  The majority opinion suggests that only in that situation may a petitioner invoke *Braden* to bring a habeas petition against a respondent other than his immediate physical custodian.  *See* 542 U.S. at 437-40 & 443-45, 124 S.Ct. at 2719-20 & 2722-23.

The discussion in *Padilla* thus potentially calls into question the Ninth Circuit's holding in *Fest* that a petitioner could challenge his present rather than future custody under an out-of-state conviction in a district in the state of conviction rather than a district in the state of confinement.  *Padilla* contains language purporting to limit the reach of the *Braden* decision relied upon in *Fest*.[3]

As noted previously in this case, rules as to the proper respondent and as to the "respective jurisdictions" of the district courts under § 2241, while "jurisdictional," do not go to subject matter jurisdiction and may be waived.[4]  The appearing Minnesota official has sought to do so here in connection with the motion to transfer, to which petitioner does not

---

[3] *See Hickam v. Janecka*, 2007 WL 2219417 (D.N.M., May 7, 2007)(concluding that *Padilla* undercut *Fest* and denying motion for transfer under § 1404(a)); *but see Watson v. Figueroa*, 2008 WL 2329107, at *9 (W.D. Okla., June 3, 2008)(disagreeing with *Hickam* as to whether *Padilla* undercut the reach of *Braden* in this context and instead transferring § 2254 petition under § 1404(a) to district in the state of conviction).

[4] *See,e.g., Rumsfeld v. Padilla*, 542 U.S. at 451-53, 124 S.Ct. at 2727-28 (Kennedy, J., concurring); *Smith v. Idaho*, 392 F.3d 350, 354-56 & n.4 (9th Cir. 2004); *see also Rumsfeld v. Padilla*, 542 U.S. at 435 n.7 & 450 n.18, 124 S.Ct. at 2717 n.7 & 2726 n.18 (related discussion in majority opinion).

consent. The Supreme Court has referred in *dicta* to §1404(a) as a potential basis for authorities to move to transfer a habeas matter filed appropriately in the district of confinement to a more convenient forum.⁵ The high court referred to *Braden* in this regard which in turn cites to *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). *Hoffman* holds, however, that a district court does not have the power under §1404(a) to transfer an action to another district that has become a viable venue only by the waiver of the defendant and that is not one in which the action initially "might have been brought" by the plaintiff absent such a waiver. 363 U.S. at 343-44, 80 S.Ct. at 1089-90. *Hoffman* thus arguably brings the issue back full circle to the initial question of whether the petitioner could have brought this action in the district in the state of conviction in the first instance.

This Court thus is left on this issue with apposite Ninth Circuit authority on point and perhaps conflicting statements – on the very same day – by the opinions of two differently-constituted majorities of the United States Supreme Court with regard to the reach of the *Braden* decision relied upon by the Ninth Circuit. The perhaps conflicting statements from the Supreme Court came in cases focused on § 2241 petitions by detainees held as enemy combatants rather than on petitions by prisoners challenging a state court conviction under § 2254. While the issue is far from free from doubt, this Court follows the apposite and otherwise controlling precedent from this Circuit rather than the conflicting implications from the discussions in *Rasul* and *Padilla* by a Supreme Court that was focused upon a markedly different context. Only higher reviewing courts can authoritatively reconcile the statements of the Supreme Court and conclusively determine the application of those statements to the decidedly different context presented in *Fest* and here.⁶

---

⁵*See Boumediene v. Bush*, 553 U.S. 723, 128 S.Ct. 2229, 2276, 171 L.Ed.2d 41 (2008)(government could move to transfer habeas cases that had been properly filed by detained enemy combatants under *Padilla* in districts with the custodial respondent to the District of Columbia where the cases under review were being heard).

⁶*Cf. United States v. Rodriguez-Lara*, 421 F.3d 932, 943 (9th Cir. 2005)(prior Ninth Circuit precedent is binding absent intervening United States Supreme Court or *en banc* authority). A strong argument can be made that habeas personal jurisdiction and venue rules arise more *sui generis* under § 2241 and § 2254

(continued...)

1  The Court accordingly holds, under the controlling authority most on point, that it has
2  the authority to transfer this matter to the District of Minnesota, where common sense would
3  indicate that the challenge to petitioner's Minnesota conviction would best be litigated.

4  The Court will certify this order for an interlocutory appeal pursuant to 28 U.S.C. §
5  1292(b). The order involves a controlling question of law as to which there most certainly is
6  substantial ground for difference of opinion. An immediate appeal from the order may
7  materially advance the ultimate termination of the litigation because a more authoritative
8  determination on the question of whether this action may be transferred to the district of the
9  state of conviction will help resolve a substantial legal issue, for this case as well as others,
10 as to the authority of the transferor court to transfer the action.[7]

11 The motion to substitute the appearing Minnesota official as respondent will be
12 granted, subject to the specific provisions set forth in the disposition paragraphs below.

13 IT THEREFORE IS ORDERED that the motion (#9) to transfer is GRANTED and that
14 the Clerk of Court shall transfer this case to the District of Minnesota, via the office of its Clerk
15 in St. Paul, Minnesota, **no earlier than**: (a) forty-five (45) days following entry of this order;

---

[6](...continued)
than as a strict application of other provisions, such as § 1404(a), applicable generally to other civil actions. *See Padilla*, 542 U.S. at 451-55, 124 S.Ct. at 2727-29 (Kennedy, J., concurring). *See also Armentero v. Immigration and Naturalization Service*, 412 F.3d 1088, 1101-02 (9th Cir. 2005)(Berzon, J., dissenting from disposition and discussing issue not reached by majority)(discussing the tension between *Rasul* and *Padilla* regarding the reach of *Braden*); 1976 Advisory Committee Notes to Rule 2(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules)(referring to the chief officer in charge of state penal institutions as also being a proper respondent); 1976 Advisory Committee Notes to Habeas Rule 2(b)(referring to the warden as only an "example" of a state officer who has official custody and further referring to circumstances in which the attorney general of the state where the action was taken instead would be a proper respondent, at least initially).

The language of 28 U.S.C. § 2241(d) conceivably could be stretched – in certain circumstances – to authorize the filing in or transfer to the district of conviction rather than the district of confinement. § 2241(d) applies, however, only in circumstances where there are two or more federal districts in a state. Neither Nevada nor Minnesota has more than one federal district each. Moreover, any such intrastate application would not appear to have been the intent of § 2241(d). When the language of § 2241(d) is viewed as a whole, the provision clearly is directed to intrastate rather than interstate transfers.

[7] *See,e.g., Wilkins v. Erickson*, 484 F.2d 969, 971 (8th Cir. 1973)(citing Ninth Circuit authority); *see generally* 15 C. Wright, A. Miller & A. Cooper, *Federal Practice & Procedure: Jurisdiction* § 3855, text at n.8 & nn.19-20 (3d ed. 2007).

1 **or** (b) if timely application is made for permission to appeal this order, thirty (30) days following receipt of the mandate or other final order from the Court of Appeals, subject to the order on the appeal by the Court of Appeals and/or any order regarding a further stay of proceedings.

IT FURTHER IS ORDERED that the Court certifies this order (as to both #8 and #9) for interlocutory appeal under 28 U.S.C. § 1292(b) as the Court finds, for the reasons discussed herein, that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation. **Pursuit of a permissive interlocutory appeal is contingent under 28 U.S.C. § 1292(b) upon a timely application for permission being made to the Court of Appeals within ten (10) days after entry of this order, by a petition filed in the Court of Appeals pursuant to the procedure outlined in Rule 5 of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 5-2.**

IT FURTHER IS ORDERED that, as provided for in 28 U.S.C. § 1292(b), the Court directs that the filing of an application or petition for permission to appeal this order in the Court of Appeals shall operate to stay the proceedings in the district court. Following upon notice of such action, the Clerk of this Court shall stay and administratively close this action during the pendency of the request for permission and/or appeal. The administrative closure will not terminate the action but merely closes the action for clerical purposes. Following upon any decision by the Court of Appeals upon an interlocutory appeal, it will be incumbent upon any party wishing to seek *certiorari* review to timely seek any further stay of proceedings.

IT FURTHER IS ORDERED that the motion (#8) to substitute is GRANTED, as the Court finds that the appearing Minnesota official to be the real party in interest, and the Commissioner of Corrections of the State of Minnesota, Joan Fabian, shall be substituted for the respondent Brian E. Williams **upon the order of transfer taking effect and the matter being transferred by the Clerk of this Court to the District of Minnesota.** Any order granting relief or for the production of the petitioner following upon the substitution accordingly will be directed to the respondent Commissioner, who will be responsible for taking all further

steps necessary to secure compliance.  Prior to such transfer, the Nevada respondents shall remain in the case.  Prior to the transfer, the Nevada respondents and the appearing Minnesota official shall continue to present their positions in the manner that they have done so previously in this matter, subject to any orders of the Court of Appeals regarding the presentation of the parties' positions in that court in connection with any permissive interlocutory appeal.

The respondents' pending motion (#7) to dismiss shall be carried with the case.  The Court has deferred briefing by petitioner as to the timeliness issue, including any related tolling issues, until after final resolution of the forum inquiry.  See #12, at 2.

DATED: May 10, 2010

_____
KENT J. DAWSON
United States District Judge